UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EILEEN PEVIANI, *on Behalf of Herself and All Others Similarly Situated,* <br><br> Plaintiff, <br><br> v. <br><br> NATURAL BALANCE INC. <br><br> Defendants. | Case No.: 3:10-cv-2451 AJB (BGS) <br><br> ORDER DENYING CLASS CERTIFICATION |

Pending is Plaintiff's Motion for Class Certification, filed February 16, 2011 (Doc. No. 13).

**BACKGROUND**

Defendant is a Delaware corporation with its principal place of business in Englewood, Colorado that manufactures "Cobra Sexual Energy" ("Cobra"). (Compl. Doc. No. 1, ¶ 7). Cobra is a dietary supplement consisting of a "proprietary blend" of extracts from herbs, roots, and other organic substances, including yohimbe bark extract, horny goat weed, muira puama, Korean ginseng, and saw palmetto among other things. (*Id.* at ¶¶ 12, 50, 54, 56, 58, 62). Cobra's label describes the supplement as a "powerful men's formula" that provides "sexual energy" by "[s]cientifically blending select, high-

quality herbs." (Mot. Cert. 2). The label makes additional claims describing the aphrodisiac effects and health benefits allegedly provided by Cobra. (*Id.*).

In July 2010, Plaintiff purchased the product for her husband's use and their combined enjoyment from a CVS Pharmacy in Solana Beach, California. (Reply 9 n. 7; Compl. ¶ 9). Plaintiff purchased the product based upon the aphrodisiac and health qualities described on Cobra's label. (Mot. Prelim. Inj. 4). Plaintiff contends that Cobra was unsatisfactory because there is no evidence that its ingredients provided the benefits that Cobra advertised and also because Cobra's ingredients pose an unreasonable health risks to its users. (*Id.*). These risks include hypertension, stroke, cardiac arrhythmia, manic-like symptoms, suicidal tendencies, and missed diagnoses of prostrate cancer. (Pl. Compl. ¶¶ 18, 22, 23, 53; Mot. Cert. 1).

On November 30, 2010, Plaintiff filed a class action against Defendant on behalf of consumers who purchased Cobra on or after November 20, 2006. Plaintiff seeks certification of the following class:

> All persons (excluding officers, directors, and employees of Defendant) who purchased, on or after November 30, 2006, Defendant's Cobra Sexual Energy in the United States for household use rather than resale or distribution.

Plaintiff alleges that the labeling of Cobra makes unlawful aphrodisiac and unlawful health claims in violation of FDA regulations. Plaintiff's Complaint alleges causes of action for violations of California's (1) Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., (2) False Advertising Law, ("FAL") Cal. Bus. & Prof. Code §§ 17500 et seq., and (3) Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1770 et seq. Plaintiff makes no personal claims based upon the alleged health risks associated with the use of Cobra.

## **LEGAL STANDARD**

A class may be certified only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). A class action

may be maintained if Rule 23(a) and at least one of the following three conditions is satisfied: (1) the prosecution of separate actions would create a risk of: (a) inconsistent or varying adjudications or (b) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b).

The party seeking certification bears the burden of showing that each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b) have been met. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), amended by 273 F.3d 1266 (9th Cir. 2001). In this case, Plaintiff seeks certification under both Fed. R. Civ. P. 23(b)(2) and 23(b)(3). Certification under Fed. R. Civ. P. 23(b)(2) requires that the party opposing the class acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Alternatively, Plaintiff seeks certification under Fed. R. Civ. P. 23(b)(3), which requires the Court to find that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

When considering a motion for class certification, the Court must conduct a "rigorous analysis" to ensure the prerequisites of Rule 23(b) are actually satisfied, not just presumed from the pleadings. *Dukes v. Walmart Stores, Inc.*, 603 F.3d 571, 581 (9th Cir. 2010) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160-61 (1982)). In some instances, the pleadings will be sufficient to demonstrate whether a class should be certified, but often courts are required to look "behind the pleadings" even to issues overlapping with the merits of the underlying claims. *Id.* The U.S. Supreme Court has cautioned against "conduct[ing] a preliminary inquiry into the merits of a suit" at the class certification stage.

*Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 177 (1974). *Eisen* does not, however, prohibit the Court from considering facts that are relevant to the Rule 23 determination, even though the facts may also relate to the underlying merits of the case. *Dukes*, 603 F.3d at 586. In fact, the Court must probe behind the pleadings if doing so is necessary to make findings on the Rule 23 certification decision. *Id.* at 589. A court is not required to "unquestioningly accept a plaintiff's arguments as to the necessary Rule 23 determinations." *Id.*

## ANALYSIS

**A. Rule 23(a) Requirements**

Plaintiff contends the proposed class satisfies each of Rule 23(a)'s requirements: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. For the reasons set forth below, the Court concludes that Plaintiff does not satisfy the typicality and adequacy of representation prongs of Rule 23(a). To the extent that Plaintiff has not established these two requirements, the Court need not consider numerosity or commonality.

Rule 23(a)(3)'s typicality requirement provides that a "class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Keilholtz*, 268 F.R.D. at 337 (quotation omitted); *Gen. Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982). The purpose of Rule 23(a)(3) is "to assure that the interest of the named representative aligns with the interests of the class." *Hanlon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The requirement is satisfied where the named plaintiffs have the same or similar injury as the unnamed class members, the action is based on conduct which is not unique to the named plaintiffs, and other class members have been injured by the same course of conduct. *Id.*

Plaintiff contends that she satisfies the typicality standard because her claim of economic injury is identical to the claims of other Class Members, i.e. "in order to induce consumers into purchasing a product that is sold illegally, otherwise useless, and harmful to human health, [Defendant] deceptively markets Cobra Sexual Energy as having various aphrodisiac properties that the product simply does not

possess." (Mot. Prelim. Inj. 16). Plaintiff suggests that Defendant's conduct as it relates to her claims is uniform for all Class Members. (*Id.*). Defendant argues that Plaintiff is not typical of the class because she is female whereas the typical class members will be males. (Resp. Prelim. Inj. 12). Defendant further objects to Plaintiff claims being typical of other class members inasmuch as she never actually used the product. (*Id.*).

Here, Plaintiff did not purchase the product for her own use and Plaintiff never actually consumed the product. As such, Plaintiff's injury is limited solely to the loss of the money spent to purchase Cobra. In this significant respect, Plaintiff's interests are not aligned with claims of male consumers, specifically those males experiencing the serious health consequences alleged by Plaintiff. *See Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). The allegations contained in Plaintiff's Complaint and Motion for Class Certification reflect this disparity. In addition to her allegations that Cobra is ineffective, Plaintiff details the serious health risks that alleges are associated with consuming Cobra. These risks include hypertension, stroke, cardiac arrhythmia, manic-like symptoms, suicidal tendencies, and missed diagnoses of prostrate cancer. (Pl. Compl. ¶¶ 18, 22, 23, 53; Mot. Cert. 1). Plaintiff has not consumed the product and thus has no firsthand knowledge of Cobra's effects, or lack thereof. Plaintiff has not suffered any of the numerous health problems that she alleges can occur when using Cobra. Nor is there any risk that she will suffer from these concerns in the future. None of Plaintiff's personal claims are premised upon the health risks associated with the use of Cobra. As such, Plaintiff does not "possess the same interest and suffer the same injury" as the male class members who consumed Cobra.

This is not to say that Plaintiff lacks standing to bring a claim of economic loss based on her reliance upon the allegedly deceptive statements on Cobra's labeling. *See Peviani v. Natural Balance, Inc.*, — F. Supp. 2d ----, 2011 WL 754958 at *3 (S.D. Cal. Feb. 24, 2011)(concluding that Plaintiff had properly alleged reliance and injury in fact despite not having used the product herself). However, Plaintiff's economic loss injury alone is insufficient to certify a class under Rule 23(a)(3) inasmuch as class members that consumed Cobra would likely have causes of action unavailable to Plaintiff. Accordingly, Plaintiff's claims are not "reasonably co-extensive with those of absent class members," and, thus, the typicality requirement is not satisfied. *Hanlon*, 150 F.3d at 1020.

1    For similar reasons, Plaintiff has not satisfied the adequacy of representation requirement. Rule
2 23(a)(4) requires that a class be certified only if "representative parties will fairly and adequately protect
3 the interests of the class." Two questions must be resolved to determine legal adequacy: (1) does the
4 named plaintiff or his counsel have any conflicts of interest with other class members and (2) will the
5 named plaintiff or his counsel prosecute the action vigorously on behalf of the class. *Hanlon*, 150 F.3d
6 at 1020. Certainly, many other class members will have claims similar to those of Plaintiff, alleging
7 economic injury and seeking reimbursement of the money spent to purchase Cobra. As to those claims,
8 Plaintiff would likely be considered an adequate representative. However, as discussed above, Plaintiff
9 argues that males who consumed Cobra may suffer from differing injuries and thus, in all likelihood,
10 have differing causes of action. As a result, Plaintiff has not established that she is an adequate
11 representative for the absent members of the class. *See Valentino v. Carter-Wallace, Inc.*, 97 F.3d at
12 1234 ("The named plaintiffs thus may not be able to provide adequate representation for those who have
13 suffered different injuries.")

15 **B. Rule 23(b) Requirements**

17    Having found that the typicality and adequacy of representations requirements of Rule 23(a)
18 have not been satisfied, the Court need not consider whether Plaintiff has met her burden under Rule
19 23(b)(2) or 23(b)(3) at this time.

## CONCLUSION

22    For the foregoing reasons, it is ORDERED that Plaintiff's Motion for Class Certification be, and
23 hereby is, DENIED.
24 IT IS SO ORDERED.

26 DATED: May 2, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge