UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EILEEN PEVIANI, on Behalf of Herself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br>v.<br>NATURAL BALANCE, INC.,<br>　　　　　　　　Defendants. | Case No.: 10cv2451 AJB (BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Doc. No. 11] |

Presently before the Court is Plaintiff's Motion for Preliminary Injunction, filed February 7, 2011. (Doc. No. 11.) For the reasons set forth below, the Court **DENIES** the motion.

**I.**

**BACKGROUND**

Defendant—a Delaware corporation with its principal place of business in Englewood, Colorado—manufactures "Cobra Sexual Energy" ("Cobra"). (Compl. Doc. No. 1, ¶ 7.) Cobra is a dietary supplement consisting of a "proprietary blend" of extracts from herbs, roots, and other organic substances, including yohimbe bark extract, horny goat weed, muira puama, Korean ginseng, and saw palmetto, among other things. (*Id.* at ¶¶ 12, 50, 54, 56, 58, 62.) Cobra's label describes the supplement as a "powerful men's formula" that provides "sexual energy" by "[s]cientifically blending select, high-quality herbs." (Mot. Prelim. Inj. 2-3.) The label makes additional claims describing the aphrodisiac effects and health benefits allegedly provided by Cobra. (*Id.*)

In July 2010, Plaintiff purchased the product for her husband's use and their combined enjoyment from a CVS Pharmacy in Solana Beach, California. (Compl. ¶ 9.) Plaintiff purchased the product based upon the aphrodisiac and health qualities described on Cobra's label. (Mot. Prelim. Inj. 4.) Plaintiff contends that Cobra was unsatisfactory because there is no evidence that its ingredients provided the benefits that Cobra advertised and also because Cobra's ingredients pose an unreasonable health risks to its users. (*Id.*) These risks include hypertension, stroke, cardiac arrhythmia, manic-like symptoms, suicidal tendencies, and missed diagnoses of prostate cancer. (Compl. ¶¶ 18, 22, 23, 53.)

On November 30, 2010, Plaintiff filed a class action against Defendant on behalf of consumers who purchased Cobra on or after November 20, 2006. Plaintiff alleges that Cobra's labeling makes unlawful aphrodisiac and unlawful health claims in violation of FDA regulations. Plaintiff's Complaint alleges causes of action for violations of California's (1) Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., (2) False Advertising Law, ("FAL") Cal. Bus. & Prof. Code §§ 17500 et seq., and (3) Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1770 et seq. Plaintiff makes no personal claims based upon the alleged health risks associated with the use of Cobra.

On May 2, 2011, the Court denied Plaintiff's Motion for Class Certification, concluding that Plaintiff failed to satisfy both the typicality and adequacy of representation prongs of Rule 23(a). (Doc. No. 35.)[1]

## II.

## DISCUSSION

Plaintiff seeks a preliminary injunction enjoining Defendant from marketing Cobra using the allegedly false and misleading tactics described in Plaintiff's Complaint. In determining whether to grant a preliminary injunction, the Court applies the standard articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365 (2008). A party seeking a preliminary injunction must demonstrate: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm in the

---

[1] The Court notes that even though it denied class certification, it nonetheless retains jurisdiction. *See U. Steel Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010); *Rivers v. Chalmette Med. Ctr., Inc.*, 2011 U.S. Dist. LEXIS 85383, *8-9 (E.D. La. Aug. 2, 2011) ("In the circuit courts, a consensus has begun to emerge. The Seventh, Ninth, and Eleventh Circuits have held that a district court retains [Class Action Fairness Act] jurisdiction over a case after class certification is denied. No circuit court of appeals has held that denying class certification divests the district court of CAFA jurisdiction. In the aftermath of these circuit opinions, the tide at the district court level has shifted decisively in favor of finding jurisdiction post-denial.") (internal citations omitted).

absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Id.* at 374. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

The Court finds that Plaintiff has failed to satisfy the irreparable harm prong of the preliminary injunction test. "To the extent that irreparable injury is required for the issuance of a preliminary injunction, that injury must be suffered by a party seeking relief." *Colorado River Indian Tribes v. Parker*, 776 F.2d 846, 850 (9th Cir. 1985). Here, as the Court noted in its order denying class certification, "Plaintiff has not consumed the product and thus has no firsthand knowledge of Cobra's effects, or lack thereof. Plaintiff has not suffered any of the numerous health problems that she alleges can occur when using Cobra. Nor is there any risk that she will suffer from these concerns in the future. None of Plaintiff's personal claims are premised upon the health risks associated with the use of Cobra." (Doc. No. 35 at 5.) Thus, Plaintiff's allegations of potential health risks to those who used Cobra are irrelevant for purposes of irreparable harm, since those are not injuries she suffered.

Plaintiff acknowledges that the only injury she suffered was purely economic.[2] It is well established that economic injury, by itself, is not considered irreparable harm. *See, e.g.*, *Colorado River Indian Tribes*, 776 F.2d at 850-51 ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. . . . ***[P]urely monetary injury is compensable, and thus not irreparable***.") (emphasis added); *Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 852 (9th Cir. 2009) ("[E]conomic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award."). Moreover, Plaintiff's alleged economic injury occurred in the past, and she has made no showing that she will suffer any harm going forward—since she presumably will not continue to purchase Cobra. Consequently, Plaintiff has failed to demonstrate any likelihood of irreparable harm in the absence of a preliminary injunction.

Because failure to show irreparable harm is dispositive, the Court need not consider whether Plaintiff has met the other requirements for a preliminary injunction.

---

[2] *See* Compl. ¶¶ 75-83 ("Plaintiff lost money as a result of [Defendant's] deceptive claims and practices in that she did not receive what she paid for when purchasing Cobra" and "suffered damages in an amount equal to the amount she paid for Cobra"); Mot. Prelim. Inj. 2, 12-13.

## III.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Preliminary Injunction. The parties are directed to contact Magistrate Judge Skomal's Chambers within fourteen days of this Order to schedule a settlement conference and a case management conference.

**IT IS SO ORDERED.**

DATED: February 9, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge